UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GRANT MATLOCK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:20-CV-35-HAB |
| SHANNON PAIGE DAVIS, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Grant Matlock, proceeding pro se, filed a Civil Complaint (ECF No. 1) against Shannon Paige Davis. Plaintiff also filed a Motion to Proceed in Forma Pauperis (ECF No. 2). Both documents were filed on January 21, 2020. For the reasons set forth below, the Plaintiff's Motion for Leave is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Motion to Proceed *in forma pauperis*. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**A.     Discussion**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

Generally, to state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

However, the pleading standards are different when a plaintiff alleges fraud. Rule 9(b) of the Federal Rules of Civil Procedure provides: "In all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading requirement is a response to the "great harm to the reputation . . . a fraud claim can do." *See Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999) (internal quotations omitted). Thus, "[a] plaintiff claiming fraud or mistake must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate." *Id.* A complaint alleging fraud must provide "the who, what, when, where, and how." *See U.S. ex rel. Gross v. AIDS Research Alliance–Chi.*, 415 F.3d 601, 605 (7th Cir. 2005) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). While pleading standards are lessened for pro se plaintiffs, the requirements of Rule 9(b) still apply. *Hoffenberg v. Hoffman & Pollok*, 248 F. Supp. 2d 303, 310–11 (S.D.N.Y. 2003); *but see Lathrop v. Juneau & Assoc., Inc. P.C.*, 220 F.R.D. 322, 327–28 (S.D. Ill. 2004).

> Plaintiff's complaint consists of a single run-on sentence:
>
> On or about June 7 2018 S. Paige Davis Forged and Falsey Cause Property to be Transferred into the Name of en-vision home solution LLC is was Conspricy to Committ real estate fraud and resulting in Property Transfer and by been a reckless Contruber to this Schme Causing my two yr son Milo to get lead based Paint Contamintion level of 9 this has done life long Damage to my child.

(ECF No. 1 at 2) (all sic). Read liberally, the Complaint alleges that Defendant transferred property to an entity named En-Vision Home Solution LLC and that the transfer somehow exposed Plaintiff's son to lead-based paint. The Complaint does not identify the property allegedly transferred, set out the fraudulent acts, or otherwise put Defendant on notice of the circumstances allegedly constituting fraud. Even under the liberal pleading standards applicable to pro se litigants, this Complaint fails to comply with Rule 9(b).

Given the foregoing, Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the

Plaintiff until February 21, 2020, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, Plaintiff should state the key facts supporting his claim, particularly specific facts supporting his allegations of fraud. Along with an amended Complaint, Plaintiff must also file a new Motion to Proceed *in forma pauperis* **or** pay the filing fee.

If the Plaintiff does not file an amended complaint by February 21, 2020, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until February 21, 2020, to file an amended complaint, accompanied by a new Motion to Proceed *in forma pauperis* **or** the filing fee; and

(4) CAUTIONS Plaintiff that

(a) if he does not respond by the above deadline, this case will be dismissed without further notice;

(b) any amended complaint must specify the manner in which Defendant's actions, or failure to take action, constituted fraud.

SO ORDERED on January 24, 2020.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT